■ CARLOS RODRIGUEZ et al., Respondents, v FILOMIO TRUCK SALES, INC., et al., Appellants. (And a Third-Party Action.) [781 NYS2d 511]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered June 10, 2003, which, to the extent appealed from as limited by the briefs, denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiffs in this matter were injured in April 1996 while riding in a van owned by their employer, Vito DiMarino Landscape Contractor, Inc. (DiMarino). DiMarino had purchased the van from defendant Filomio Truck Sales, Inc. (Filomio) in October 1994, and, prior to that, Filomio had purchased the van from defendant Airborne Freight Corporation (Airborne) in August 1994. Plaintiffs allege that the cause of the accident was a failure of the van's right rear tire.

The submissions by Airborne and Filomio in support of their motions for summary judgment established that the tire that caused the accident was *not* on the van when Airborne sold it to Filomio, or when Filomio sold it to DiMarino. Based on a comparison of the van's mileage shown on documentation of the sale to DiMarino (88,600) and the mileage shown on the van's odometer at the time of the accident, as reported by the police (119,542), the van had been driven about 31,000 miles from the time it was sold to DiMarino in October 1994 until the accident in April 1996. However, according to Airborne's expert, examination of the tread of the tire that blew out revealed that the tire had been driven only 10,000 miles from its last retreading (in April 1994, as shown by a marking on the tire) until the accident.

In addition, both defense experts, as well as plaintiff's expert, were in agreement that a marking on the inside surface of the tire established that, as previously indicated, it was last retreaded during the 15th week of 1994, i.e., in April 1994. Ac-

cording to Airborne's maintenance records, however, the last tire change on the van during Airborne's ownership was on March 11, 1994, when all four of the van's tires were replaced, and the last maintenance of any kind on the van while Airborne owned it was a repair of one of the tires on March 18, 1994. Thus, Airborne has no record of having sent one of the van's tires to be retreaded in April 1994, when the tire that caused the accident was, in fact, retreaded. While Filomio changed the van's front tires before reselling the van to DiMarino, it did not replace the rear tires, meaning that the van's right rear tire, when it was sold to DiMarino, was the same tire that had been on the van when Airborne sold it to Filomio. Thus, DiMarino must have changed the right rear tire after purchasing the van from Filomio. In addition, the marking on the tire shows that the April 1994 retreading was done by a firm known as Harvey Brothers. Airborne, which owned the van in April 1994, did not use Harvey Brothers for retreading.

Plaintiffs did not submit any evidence to rebut the foregoing. Although the record contains two affidavits and an unsworn report by plaintiffs' expert, nowhere does plaintiffs' expert address the question of whether the tire that blew out was on the van either when Airborne sold the vehicle to Filomio or when Filomio sold the vehicle to DiMarino. In particular, plaintiffs' expert did not contradict the views of the defense experts that the tread of the tire that blew out showed only 10,000 miles of wear, and he specifically agreed that the tire was retreaded by Harvey Brothers in April 1994. Thus, regardless of any other issues plaintiffs may have raised, there is no triable issue as to which party put the failed tire on the van; clearly, DiMarino did so.

Even if one were to discount the foregoing evidence—which we do not—and to assume that plaintiffs could prove that Airborne or Filomio put the tire on the van, plaintiffs still could not prevail. This is because, as previously indicated, DiMarino drove the van 31,000 miles after purchasing it from Filomio. Thus, if the tire in question were on the van throughout the time DiMarino owned it, it would have had at least 31,000 miles on it since its last retreading. This is substantially in excess of the useful life of this type of tire after retreading, which, according to the uncontradicted opinion of Filomio's expert, is about 25,000 miles.

We find unavailing plaintiffs' efforts to rebut defendants' arguments. While plaintiffs attack the reliability of Airborne's maintenance records based on some immaterial discrepancies in descriptions of work between two different printout versions, an

Airborne witness explained that those differences were caused by a change in the computer coding system used, and did not reflect any change in the substance of the information recorded. Although Airborne's March 1994 maintenance records show a somewhat higher mileage figure for the van (89,649) than the documentation of the October 1994 sale to DiMarino (88,600), the actual mileage the van accrued prior to the sale to DiMarino is not itself important. Rather, the mileage figure at the time of the sale to DiMarino is important, not for its accuracy or inaccuracy, but as a means of determining the mileage that DiMarino put on the van. As previously discussed, the mileage DiMarino put on the van establishes that DiMarino either put the tire on the van, or, alternatively, continued to use the tire past the expiration of its useful life. In either case, neither Airborne nor Filomio can be held liable for plaintiffs' injuries. Accordingly, Airborne and Filomio are entitled to summary judgment.

In closing, we note that the Airborne subsidiary plaintiffs named as an additional defendant was independently entitled to summary judgment, based on its uncontroverted showing that it never owned the van in question and was not involved in the sale of the van to Filomio. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Friedman, JJ.